UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFERY PERRY THOMAS, | Civil Action No. 16-8833(FLW) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| I.R. POGORZELSKI, et al., | |
| Defendants. | |

1.  This Court previously granted Plaintiff's application to proceed *in forma pauperis*.[1] (*See* ECF Nos. 3-4.) Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

2.  This Court has screened the Complaint in this action for dismissal and has determined that the Complaint states a claim under 42 U.S.C. § 1983[2] against Defendant State Police Officers I.R. Pogorzelski and R. Diaz for excessive force under the Fourth Amendment and

---

[1] Plaintiff filed a second application to proceed in forma pauperis, which is not certified by the appropriate prison official. (*See* ECF No. 7.) Because the Court has already granted his IFP application, it need not rule on this new application.

[2] The Court does not construe Plaintiff's Complaint to allege any claims for relief arising under state law, including state law tort claims or claims under the New Jersey Civil Rights Act ("NJCRA"). To the extent Plaintiff wishes to bring such claims, he must file an Amended Complaint.

denial of medical care under the Fourteenth Amendment based on Plaintiff's allegations that the officers brutally assaulted Plaintiff on May 14, 2015, and denied his requests for medical care following the assault. (ECF No. 1, Compl. at §§ 4-12.) Plaintiff also states a § 1983 claim for failure to intervene under the Fourteenth Amendment against John Doe Officers 1-7 who allegedly stood by and watched the assault take place and did nothing to intervene. (*Id.* at § 3.) Accordingly, dismissal of the entire Complaint is not warranted at this time, and the claims as described in this Memorandum and Order shall proceed.

3. The Court, however, will dismiss with prejudice the official capacity claims <u>for damages</u> against all Defendants, as "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

**IT IS,** therefore, on this   29th   day of  June, 2017,

**ORDERED** that Plaintiff's Fourth Amendment claim for excessive force and his Fourteenth Amendment claim for denial of medical care under § 1983 shall PROCEED against Defendants I.R. Pogorzelski and R. Diaz; and it is further

**ORDERED** that Plaintiff's Fourteenth Amendment claim for failure to intervene under § 1983 shall proceed against John Doe Officers 1-7;[3] and it is further

**ORDERED** that Plaintiff's official capacity claims for damages are dismissed WITH PREJUDICE as to all Defendants; and it is further

**ORDERED** that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing the United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

---

[3] Because Plaintiff has not identified the John Doe Defendants, the Court will not order service on these Defendants at this time.

**ORDERED** that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[4]; and it is further

**ORDERED** that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel;[5] and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[6] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

/s/      Freda L. Wolfson
Freda L. Wolfson
United States District Judge

---

[4] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[5] It appears that Plaintiff has requested pro bono counsel in his Complaint; however, the proper procedure is to file a motion for pro bono counsel, which Plaintiff is free to do.

[6] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.