**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JEFFERY PERRY THOMAS, Plaintiff, v. | : | Civ. No. 16-8833 (FLW) (TJB) |
| I.R. POGORZELSKI et al., Defendants. | : | **OPINION** |

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Plaintiff, Jeffery[1] Perry Thomas ("Thomas" or "Plaintiff"), is a state prisoner presently incarcerated at the Central Reception and Assignment Facility, in Trenton, New Jersey. Thomas is proceeding *pro se* with a Complaint alleging claims for civil-rights violations, under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Presently before the Court is a motion by the named defendants, New Jersey State Troopers I.R. Pogorzelski ("Pogorzelski") and R. Diaz ("Diaz") (collectively, "the Trooper Defendants"), for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Mot., ECF No. 22.) For the following reasons, the motion is GRANTED.

[1] The Complaint consistently spells Plaintiff's first name as "Jeffery," (*see* Compl., ECF No. 1), but other sources spell his first name as "Jeffrey." It is unclear which spelling is correct.

## II. BACKGROUND

### A. Underlying Facts[2]

On May 14, 2015, officers participating in a program known as the Targeted Integrated Deployment Effort ("T.I.D.E."), including the Trooper Defendants, received information that Thomas was in possession of a concealed handgun. (Def.'s Statement of Undisputed Material Facts, ECF No. 22-2, ¶¶ 7–8.) The Trooper Defendants encountered Thomas and, upon frisking him, discovered that he possessed heroin and a loaded handgun. (*Id.* ¶ 8.) The Trooper Defendants arrested Thomas, noting that, although he claimed to have been struck with a brick earlier that day, he showed no visible signs of injury. (*Id.* ¶¶ 8–11.) Thomas was handcuffed to a bench at a police station, but managed to slip out of the handcuffs and escape. (*Id.* ¶ 13.)

Later the same day, Detectives Tuccillo and Udijohn, from the Mercer County Sheriff's Office ("MCSO") found Thomas outside of Big E's Liquor Store and attempted to arrest him again. (*Id.* ¶¶ 13–15.) Thomas apparently resisted, and those detectives used force to effect the arrest, resulting in Thomas sustaining a bloody nose. (*Id.* ¶¶ 15–17.)

### B. Procedural History

On November 29, 2016, Thomas, acting *pro se*, filed a Complaint claiming that the actions of the Trooper Defendants and various John Doe defendants violated his constitutional rights under 42 U.S.C. § 1983. (ECF No. 1.) Specifically, the Complaint alleged that, at 9:45 p.m., outside Big E's Liquor Store, Thomas was approached by the Trooper Defendants and the Doe defendants "and was immediately struck in the head with a blunt object and slammed to the

---

[2] The Trooper Defendants' motion includes, as required by Local Civil Rule 56.1, a Statement of Undisputed Material Facts, including citations to related exhibits. (ECF No. 22-2.) As Thomas filed no Responsive Statement of Material Facts, the facts recited in the Trooper Defendants' statement are deemed undisputed. *See* L. Civ. R. 56.1(a).

ground with such force it knocked me unconscious." (*Id.* ¶ 6(4).) The Complaint alleged that, once he was on the ground, "defendant's [sic] began punching and kicking [him]," that they handcuffed and shackled him, and that they "then began beating and kicking me to my head, body, torso, legs and my entire body." (*Id.*) The Complaint contends that Thomas "was beaten to the point of unconsciousness and blood coming my [sic] mouth and out my ears" and that he was "beat by all defendants with closed fist and steal [sic] toe boots." (*Id.* ¶¶ 6(4)–(5).)

The Complaint alleged that, while Thomas was being transported to the police station, Diaz told him "that if there was no witnesses he would made [sic] sure that I was beat to death." (*Id.* ¶ 6(6).) It further asserted that Thomas "repeatedly asked the defendants for medical attention, which was denied." (*Id.* ¶ 6(7).) The complaint recounts that Thomas did not receive medical treatment "until he was taken to the Trenton Police Station for processing." (*Id.* ¶ 6(8).) The Complaint alleges that Thomas thereafter spent at least a week in the Helen Fuld Medical Center, and then five months in the medical unit of the Mercer County Correctional Center. (*Id.* ¶¶ 6(9)–(10).)

The Complaint impleaded the defendants in both official and individual capacities. (*Id.* ¶ 6(14).) It sought declaratory judgment, various forms of damages, prejudgment interest, attorney's fees and costs, and a permanent injunction against future harm. (*See id.* ¶ 7.)

Upon an initial screening of the Complaint, under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed with prejudice the claims seeking damages from the defendants in their official capacities. (*See* Mem. & Order, ECF No. 8, ¶ 3.) Otherwise, the Court construed the Complaint as asserting federal constitutional claims[3] for excessive force, denial of medical care, and failure to intervene, and it permitted these claims to proceed. (*Id.* ¶ 2.)

[3] The Court specifically did not find the Complaint to assert any claims under state law. (ECF No. 8 ¶ 2 n.2.)

The Trooper Defendants answered the Complaint on September 11, 2017. (Ans., ECF No. 14.) Magistrate Judge Tonianne J. Bongiovanni issued an order requiring the completion of all discovery by January 12, 2018, and the filing of any dispositive motions no later than February 23, 2018. (Order (Sept. 12, 2017), ECF No. 15.) The deadline for completing discovery was subsequently extended to March 12, 2018. (Letter Order (Dec. 18, 2017), ECF No. 19.) After gaining additional time to take Thomas's deposition, the Trooper Defendants ultimately elected not to depose him and, instead, to move for summary judgment. (*See* Letter Order (Mar. 19, 2018), ECF No. 21.)

## III. THE MOTION FOR SUMMARY JUDGMENT

The Trooper Defendants now seek summary judgment as to all claims, primarily on the basis that they were not present for the second arrest, when Thomas alleges he was subjected to excessive force and denied medical treatment. (ECF No. 22.) Thomas opposes the motion.[4] (Mot. Opposing, ECF No. 27.)

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56 permits a court to award a party summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See Anderson*, 477 U.S. at 248;

[4] For the sake of clarity, the parties' arguments as to summary judgment are discussed in conjunction with the analysis below.

*Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita*, 475 U.S. at 587.

A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While a defendant moving for summary judgment must support assertions by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), the movant is not required to "support its motion with affidavits or other similar materials *negating* the opponent's claim," *Celotex Corp.*, 477 U.S. at 323. Instead, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant has shown an absence of material factual dispute, the non-movant then bears the burden to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Moreover, the non-movant may not rest upon the mere allegations or denials of the pleadings. *Id.* at 324; *Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994), *aff'd* 67 F.3d 291 (3d Cir. 1995). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. A mere "scintilla of evidence . . . will be insufficient." *Anderson*, 477 U.S. at 252.

Local Civil Rule 56.1 requires that a motion seeking summary judgment include a statement of material facts not in dispute, and that an opponent of summary judgment shall file "a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R.

56.1(a). The rule further provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Although a motion for summary judgment may not be granted by default, merely because it goes unopposed, *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990), the motion may be granted if the undisputed facts warrant judgment as a matter of law, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003); *Houston v. Twp. of Randolph*, 934 F. Supp. 2d 711, 723 (D.N.J. 2013), *aff'd* 559 F. App'x 139 (3d Cir. 2014).

**B. Analysis**

The Trooper Defendants contend that they were not present for Thomas's arrest outside of Big E's Liquor Store, when Thomas alleges he was subjected to excessive force and after which he claims he was denied medical treatment. The Trooper Defendants have submitted a Statement of Undisputed Material Facts that includes citations to relevant exhibits. (*See* ECF No. 12-2.) As Thomas did not file a Responsive Statement of Material Facts, the facts included in the Trooper Defendants' Statement of Material Facts are deemed undisputed for the purposes of resolving this motion. *See* L. Civ. R. 56.1. Thus, among the facts deemed undisputed are the following:

1. that the "Trooper Defendants were not at the location of Big E's Liquor Store during the course of Plaintiff's arrest there" and "were in fact not at that location at any time on May 14, 2015," (ECF No. 22-2 ¶ 20);
2. that "[i]t is apparent that no force was used against Plaintiff by Trooper Defendants at Big E's Liquor Store on May 14, 2015," (*id.* ¶ 22); and
3. that "no signs of physical injury were observed by Trooper Defendants, and no request for medical care was made by Plaintiff," (*id.* ¶ 24).

In further support of their motion, both of the Trooper Defendants have submitted certifications to the effect that neither of them was present at Big E's Liquor Store around 9:45 p.m. on May 14, 2015, that neither of them used any force on Thomas, and that Thomas never requested nor otherwise appeared to need medical care. (*See* Declaration of Kai W. Marshall-Otto, Ex. C, Certif. of Richard Pogorzelski, ECF No. 22-4 at ECF pp. 4–5; *id.*, Ex. D, Certif. of Ricardo Diaz, ECF No. 22-4 at ECF pp. 7–8.)

These representations are corroborated by paperwork completed concurrent with Thomas's arrest. One report, prepared by Diaz, indicates that the Trooper Defendants, assisted by other state troopers and officers from other agencies, arrested Thomas at New Willow Street and Beakes Street at around 8:00 p.m. on May 14, 2015. (Declaration of Kai W. Marshall-Otto, Ex. A, N.J. State Police Investigation Report 1230-2015-00065, ECF No. 23 at ECF pp. 2–7.) That report notes that Thomas "yielded no visible signs of injury," but also that he indicated that he had been in a fight with another person earlier in the day, during which he had been struck in the head with a brick. (*Id.* at ECF p. 5.) It explains that, after Thomas escaped, he was rearrested outside Big E's Liquor Store by Detectives Tuccillo and Udijohn. (*Id.* at ECF p. 5.) The report does note that "Mr. Thomas resisted arrest and use of force was used in order to effectuate the arrest." (*Id.*)

The Trooper Defendants also include a report prepared by Pogorzelski concerning the arrest of Thomas's companion, which further corroborates the circumstances of Thomas's arrests. (Declaration of Kai W. Marshall-Otto, Ex. A, N.J. State Police Investigation Report 1230-2015-00066, ECF No. 23 at ECF pp. 8–11.) Additionally, the Trooper Defendants submit a report prepared by Detective Udijohn recounting the circumstances of Thomas's arrest at Big E's Liquor Store, effected by Detectives Udijohn and Tuccillo. (*Id.*, Ex. B, Investigation Report,

ECF No. 23 at ECF pp. 13–14.)  This report notes that Detective Sergeant Burke and Trooper Tansey "were on the scene and helped with trying to handcuff Thomas," but makes no mention of any other officers being present.  (*Id.* at ECF p. 14.)

In opposition to the motion, Thomas makes virtually no attempt to refute the argument that the Trooper Defendants were not present during his arrest outside the liquor store, and, instead, seems to raise new arguments concerning the propriety of his initial arrest and the testimony presented at his trial.  (*See* Aff. of Jeffrey Perry Thomas, ECF No. 27, at ECF p. 3–4.)  The closest that Thomas comes to challenging the argument that the Trooper Defendants did not participate in the second arrest is his conclusory statement that "Plaintiff was rearrested and assaulted by Defendants and other officers[,] Which is the bases [sic] of the excessive use of force."  (*Id.* ¶ 13.)  Thomas additionally deviates from the allegation in his Complaint that Diaz told him that, were it not for witnesses, Thomas would have been beaten to death, now attributing a similar statement simply to "a Spanish officer."  (*Id.* ¶ 14.)  None of Thomas's exhibits contain any evidence suggesting the Trooper Defendants' participation in any alleged excessive force or denial of medical care.  (*See* ECF No. 27.)

The Trooper Defendants have met their burden of showing that summary judgment in their favor is warranted.  Their Statement of Material Facts, with citations to pertinent evidence, has been deemed undisputed due to Thomas's failure to directly respond to it, and it thus establishes that the Trooper Defendants were not present at the time when Thomas alleges he was beaten and denied medical care.  Additionally, the Trooper Defendants have introduced certifications and documents showing the specific circumstances of Thomas's arrests and corroborating the fact that the Trooper Defendants did not participate in the wrongdoing Thomas alleges.  Thomas offers only the general statement that he was "rearrested and assaulted by

Defendants." This conclusory assertion, without any evidentiary support, is insufficient to overcome the Trooper Defendants' detailed factual showing, and, as noted above, Thomas's opposition to summary judgment cannot rely merely on the allegations in his Complaint. *Celotex Corp.*, 477 U.S. at 324. In this case, it appears that Thomas has simply named the wrong defendants. Accordingly, the Trooper Defendants' motion for summary judgment is granted.

### C. The Remainder of the Case

With summary judgment granted to the Trooper Defendants, the only remaining defendants in the case are John Does 1–7. If Thomas intends to substitute any particular individuals for the John Doe defendants, he may, within 30 days, file a proposed Complaint amended to identify such defendants. In the meantime, this action shall be administratively terminated, for docket-management purposes, pending the submission of any amended pleading by Thomas. If no amended complaint is submitted within the 30-day period, the case will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Trooper Defendants' motion for summary judgment in their favor, (ECF No. 22), is GRANTED, and the Trooper Defendants are dismissed from the case. Thomas may, within 30 days, file a proposed Complaint amended to identify any specific defendants in place of the John Doe defendants. The action is administratively terminated pending the submission of any amended pleading. An appropriate order follows.

DATED: November 19, 2018

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge